IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL PAUL SIEFKEN, | |
| Plaintiff, | |
| | NO. 5:11-CV-144 (MTT) |
| VS. | |
| VICTOR L. WALKER, *et al.*, | |
| | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Walker, Carswell, and Edwards, alleging that Plaintiff failed to exhaust his available administrative remedies with regard to the claims set forth in the instant action prior to filing the above captioned action. Doc. 8. Because the record indicates that Plaintiff failed to exhaust his administrative remedies, it is **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED** and that this action **DISMISSED**.

In his Complaint, Plaintiff contends that the Defendants failed to protect him from being assaulted by another inmate on December 31, 2010. Doc. 1. More specifically, Plaintiff maintains that the Defendants' refusal to grant his requests for protective custody makes them responsible for the assault and, by extension, for substantial damages. Id. In response, Defendants filed the instant Motion to Dismiss.

### Exhaustion of Administrative Remedies

The record in this case indicates that Plaintiff has failed to exhaust his administrative remedies with respect to his instant claims prior to filing suit in this Court. The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. §1983. 42 U.S.C. §1997e(a).

1

The Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Because the parties have submitted conflicting factual assertions regarding exhaustion, the issue in this case must be resolved at the second stage of the Turner analysis. Defendants argue that Plaintiff has not exhausted any administrative remedies with regard to any of the events leading up to and including the assault. In response, Plaintiff broadly contends that he exhausted his administrative remedies by pursuing a grievance concerning the issue of protective custody. Because the evidence presented by the parties shows that Plaintiff did not pursue a grievance related to or referring to the events at issue in this case, Defendants have met their burden of proving that Plaintiff failed to exhaust administrative remedies.

In support of their motion, Defendants submitted the affidavit of Baldwin State Prison Deputy Warden of Care and Treatment Nathan Handberry as well as copies of all grievances filed by Plaintiff. Doc. 16-2. In his affidavit, Handberry first provides a detailed overview of the prison's

grievance procedures and then explains that, while incarcerated at Baldwin State Prison, Plaintiff filed a total of seven grievances. Id ¶4 - ¶19. Of these, only Informal Grievance No.77718, which was filed on January 29, 2011, contained any statements about the issue of protective custody. Id ¶ 22. In this grievance, Plaintiff specified an incident date of January 29, 2011 and complained that his repeated requests for protective custody were being improperly refused. See Doc. 16-8, p.2. Plaintiff's counselor denied the grievance on the basis that inmates cannot be placed in protective custody while already in segregation. Id.. Unsatisfied with this result, Plaintiff filed a formal grievance that was also denied. Id. at p.10. Soon afterwards, Plaintiff exhausted this claim by filing an appeal to the Commissioner. Id. at p.11. This appeal was ultimately denied on March 30, 2011. Id. at p.12.

Plaintiff's exhaustion of Informal Grievance No. 77718 does not satisfy his obligation to exhaust his administrative remedies with regard to the December 2010 incident complained of in the instant action. Informal Grievance No. 77718 identifies January 29, 2011 as the date of the allegedly grievable incident, and fails to address, in any way, the incident on December 31, 2010. Even if Informal Grievance No. 77718 had addressed the December 31, 2010 assault, it would have been rejected as out of time because it was filed after the expiration of the ten day period provided by SOP IIB05-0001 (VI)(B)(5).[1] In the absence of any other evidence indicating that Plaintiff properly exhausted his administrative remedies with respect to the Defendants' conduct during the time leading up to and including the December 31, 2010, his claims remain unexhausted and, as such, cannot be considered by this Court.

### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1),

---

[1] Pursuant to SOP IIB05-0001 (VI)(B)(5), informal grievances "must be filed no later than ten calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance."

the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

      **SO RECOMMENDED**, this 18th day of November, 2011.

                              s/ Charles H. Weigle
                              Charles H. Weigle
                              United States Magistrate Judge